[No. C066237. Third Dist. June 29, 2012.]

THE PEOPLE, Plaintiff and Respondent, v.
JONATHAN RAY ARAGON, Defendant and Appellant.

506

## Counsel

Robert Navarro, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Janet E. Neeley, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**NICHOLSON, J.**—A convicted sex offender must register in the county where he resides or, if he does not have a residence, where he is located as a transient. (Pen. Code, §§ 290, 290.011.)[1] For purposes of the sex offender registration requirements, "residence" includes a recreational vehicle that can be located by a street address. (§ 290.011, subd. (g).) A sex offender must reregister within five working days if he moves to a residence after being a transient. (§ 290.011, subd. (b).)

As a result of a 1995 conviction for committing a lewd act on a child, defendant is required to register as a sex offender. For several months, he lived in a travel trailer parked on the street in front of his brother's residence in Sacramento County. During those months, defendant went to the Sacramento County Sheriff's Department each month to register. He reported that he was a transient in Sacramento County.

Based on this conduct, defendant was convicted of failing to comply with the registration requirements because, under the definition of "residence"

---

[1] Further undesignated references to sections are to the Penal Code.

contained in the registration statutes, his travel trailer became a residence when he parked it in front of his brother's residence and, instead of registering at a residence, defendant continued to register as a transient.

Defendant contends that there is no substantial evidence that he actually knew that his travel trailer became a residence for the purposes of the registration requirements when he parked it in front of his brother's residence. Consequently, defendant argues, his conviction for willfully violating the registration requirements of the Sex Offender Registration Act must be reversed. We conclude that defendant is correct and the conviction must be reversed.

## REGISTRATION REQUIREMENTS

■ The Sex Offender Registration Act (§ 290 et seq.; hereafter, the Act) requires every person convicted of lewd conduct on a child (§ 288) to register as a sex offender. In this case it is undisputed that defendant was required to register with the Sacramento County Sheriff's Department.[2] (§ 290.) All sex offenders, including those who have a residence, must register once a year within five working days of the offender's birthday (§ 290.012, subd. (a)), but transient sex offenders must register once every 30 days in addition to the annual birthday registration (§ 290.011, subds. (a), (c)).

"A transient who moves to a residence shall have five working days within which to register at that address . . . ." (§ 290.011, subd. (b).) This is the aspect of the registration requirement that defendant in this case was convicted of violating.

Under the Act, " 'transient' means a person who has no residence. 'Residence' means one or more addresses at which a person regularly resides, . . . such as a shelter or structure that can be located by a street address, including, . . . recreational and other vehicles." (§ 290.011, subd. (g).)

"[A]ny person who is required to register under the act based on a felony conviction . . . who willfully violates any requirement of the act . . . is guilty of a felony and shall be punished by imprisonment in the state prison for 16 months, or two or three years." (§ 290.018, subd. (b).)

---

[2] Section 290, subdivision (b) states: "Every person described in subdivision (c), for the rest of his or her life while residing in California, . . . shall be required to register with . . . the sheriff of the county . . . within five working days of coming into, or changing his or her residence within, any . . . county . . . in which he or she temporarily resides, and shall be required to register thereafter in accordance with the Act." Subdivision (c) of section 290 includes any person convicted of violating section 288.

## FACTS AND PROCEDURE

Defendant was convicted in 1995 of lewd conduct with a child. (§ 288.) After a period of incarceration, he was released on November 27, 2000, under the supervision of the Sacramento County Probation Department. At the time of his release, defendant was notified of his duty to register as a sex offender under the Act. The written form, which an officer reviewed with defendant, explained 16 aspects of the duty to register. It did not, however, explain the difference between a transient and someone who has a residence. The closest statement in that regard was, "If I have no residence address, I must update my registration at least once every 90 days [(now 30 days)] and annually within 5 working days of my birthday." (Boldface omitted.) The form also stated, "I must provide proof of residence with a California Drivers License or identification card or a recent rent or utility bill. This proof is required within 30 days of registration." (Boldface omitted.) Defendant indicated on the form that he expected to be a transient upon release.

In December 2009, defendant's brother, Ricardo Aragon, invited defendant to park defendant's travel trailer on the street in front of Ricardo's duplex because it had been cold at night. Ricardo plugged an extension cord into a garage outlet and allowed defendant to plug it into the electrical system of his travel trailer, giving defendant light and heat. Defendant also used Ricardo's hose to fill his water tank. Defendant entered the duplex only occasionally. About three times in a period of several months, defendant used the bathroom in Ricardo's duplex. Defendant lived in the travel trailer in front of Ricardo's duplex until April or May 2010, when code enforcement personnel had him move it.

During the period relevant to this appeal, January to April 2010, defendant registered with the Sacramento County Sheriff's Department each month. To register, defendant appeared at the sheriff's office and was interviewed by an officer. Defendant completed and signed a form supplied by California's Department of Justice. On the front of the form, along with identifying information, defendant indicated that he was a transient and provided his cell phone number. The back of the form contained 20 advisements concerning the duty to register. Defendant initialed each of the 20 advisements and signed the form, certifying that the information on the form was true.

Among other advisements, the form stated: "If I am registered at a residence address and become transient or am registered as a transient and move to a residence, I have five (5) working days within which to register in

person with the law enforcement agency having jurisdiction over the new address or to register as a transient." The form also stated: "If I have no residence address, I must register in person, in the jurisdiction where I am physically present as a transient within five (5) working days of becoming transient. Thereafter, I must update my registration information in person, no less than once every 30 days with the law enforcement agency having jurisdiction over the place where I am physically present as a transient on the day I re-register. . . ." The form left undefined the difference between having a residence and being a transient, and, when he registered at the Sacramento County Sheriff's Department, defendant was not advised verbally of the difference between having a residence and being a transient. When sex offenders register in Sacramento County, they are told to ask the officer if they have any questions about the registration requirements.

On a registration form that defendant signed in April 2010, there was a notation that he frequented his brother's residence address. The notation was not in defendant's handwriting.

The district attorney charged defendant by information with one count of "willfully violat[ing] [a] requirement of the act." (§ 290.018, subd. (b).) A jury convicted defendant of the sole count against him. The trial court suspended imposition of judgment and sentence and placed defendant on formal probation with the condition that he serve 270 days in county jail.

## DISCUSSION

Defendant contends that the evidence was insufficient to establish a willful violation of the registration statute because there was no evidence he knew that parking and living in his travel trailer in front of his brother's duplex required him to register at a residence rather than as a transient. We agree.

■ To be convicted of failure to register as a sex offender, a defendant must have actual knowledge of the duty to register as a sex offender. (*People v. Garcia* (2001) 25 Cal.4th 744, 747, 752 [107 Cal.Rptr.2d 355, 23 P.3d 590] (*Garcia*).) The California Supreme Court stated: "In a case like this, involving a failure to act, we believe section 290 requires the defendant to actually know of the duty to act. . . . [A] sex offender is guilty of a felony only if he 'willfully violates' the registration or notification provisions of section 290. [Citations.] The word 'willfully' implies a 'purpose or willingness' to make the omission. [Citation.] Logically one cannot purposefully fail to perform an act without knowing what act is required to be performed. . . . Accordingly, a violation of section 290 requires actual knowledge of the duty to register.

A jury may infer knowledge from notice, but notice alone does not necessarily satisfy the willfulness requirement." (*Garcia, supra,* at p. 752, italics omitted.)

Here, defendant was convicted based on his failure to report that he had moved to a residence. He met the monthly registration deadlines for a transient and obviously knew, generally, of his duty to register as a sex offender. But he did not know that he was required to register at a residence rather than stating he was a transient.

On appeal, defendant claims there was no evidence he knew that his travel trailer, when parked in front of his brother's duplex, became a residence. Defendant does not claim that his travel trailer was not a residence under the definition of "residence" in the Act. Instead, relying on *Garcia,* he claims that he was not guilty of willful failure to meet a registration requirement because he did not know that the requirement applied to him. He argues he did not purposefully fail to perform an act—that is, report that he had moved to a residence—because he did not know that, for the purposes of the Act, he had moved to a residence.

To support a conviction of willful failure to perform an act required by the Act, there must be evidence that the defendant knew that the particular requirement applied to him. (*People v. Edgar* (2002) 104 Cal.App.4th 210, 212 [127 Cal.Rptr.2d 662] (*Edgar*).) For example, the Act requires a sex offender to register at each address if that sex offender has more than one residence. (See § 290.010.) In *Edgar,* the Court of Appeal, First Appellate District, Division Two, reversed the defendant's conviction for failure to comply with the Act based on failure to register at all residences because the jury was not instructed that the defendant could not be convicted unless the defendant "knew that acquiring a second residence address constituted a change in residence that required registration of the new address." (*Edgar, supra,* at p. 221, fn. omitted.)

Here, defendant had notice that he was required to register at a residence if he moved into a residence. That notice would suffice as substantial evidence of his actual knowledge if he had moved to what is commonly understood to be a residence, such as would have been the case if defendant moved into his brother's duplex. But there is no such common understanding that living on the street in a travel trailer is a residence. While the travel trailer under these circumstances was a "residence" under the legal definition of that term in the

Act, the travel trailer was not a residence under at least one commonly understood dictionary definition ("a building used as a home"). (Merriam-Webster's Collegiate Dict. (11th ed. 2006) p. 1060, col. 1.)

The Attorney General attempts to establish that defendant had notice of the definition of "residence" in the Act by citing and quoting the various forms containing advisements that defendant signed. As we have noted, defendant signed forms several times, but none of those forms explained the Act's definition of a "residence." None of them gave him notice that his living circumstances constituted a residence.

The Attorney General remonstrates: "Since the prosecution can never prove what was in a particular offender's head by direct evidence (absent an admission), the prosecution evidence about whether an offender had actual knowledge of the duty to register is of necessity always circumstantial." True enough, as far as it goes. A jury may infer actual knowledge from notice and other circumstantial evidence. (*Garcia, supra*, 25 Cal.4th at p. 752.) But substantial circumstantial evidence from which the inference could be made is missing in this case.

The Attorney General posits several motives defendant may have had for not registering his travel trailer as a residence. For example, he may have been trying to avoid being listed on the Megan's Law Web site as residing at that address or he wanted to avoid embarrassment or problems for or with his brother. But regardless of the strength of the posited motives, they do not lead to an inference that defendant had actual knowledge of his duty to register his travel trailer as a residence. They simply suggest why he may not have registered, assuming he knew that he had that duty.

■ Finally, the Attorney General argues that the jury was properly instructed and therefore necessarily found that defendant knew he had a duty to register his travel trailer as a residence. But proper instructions cannot remedy insufficient evidence. We must reverse if the record, viewed in the light most favorable to the judgment, does not contain substantial evidence, including reasonable inferences, of the defendant's guilt. (*People v. Clark* (2011) 52 Cal.4th 856, 942 [131 Cal.Rptr.3d 225, 261 P.3d 243].)
■ There is no direct evidence that defendant knew that he had a duty to register his travel trailer as a residence, nor is there circumstantial evidence from which the jury could reasonably infer such knowledge. Accordingly, we must reverse the conviction.

Because we reverse the conviction for lack of substantial evidence, we need not consider defendant's further contention that the jury was improperly instructed.

## DISPOSITION

The judgment is reversed.

Raye, P. J., and Hoch, J., concurred.