Filed 9/22/20  P. v. Dodge CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>CURTIS DEWAYNE DODGE,<br><br>     Defendant and Appellant. | A158009<br><br><br>(Lake County<br>Super. Ct. No. CR945410) |

Curtis Dewayne Dodge was required to register as a sex offender. While regularly staying at his girlfriend's house, Dodge registered as a "transient" and a jury convicted him of failing to register as a sex offender within five days of gaining residency (Pen. Code, § 290.011, subd. (b)).[1] Dodge moved for a new trial, arguing trial counsel was ineffective for not objecting to a prosecution witness's testimony.  The trial court denied the motion and sentenced Dodge to state prison.

Dodge appeals.  He claims insufficient evidence supports the conviction and that the court erred by denying his new trial motion.  We disagree and affirm.

---

[1] Undesignated statutory references are to the Penal Code.

1

FACTUAL AND PROCEDURAL BACKGROUND

We provide a brief overview of the statutory scheme for context.  Under the Sex Offender Registration Act (§§ 290–290.24), a sex offender must register once a year within five working days of his or her birthday.  (§§ 290, subd. (a), 290.012, subd. (a).)  A "transient" sex offender must register once every 30 days in addition to the annual birthday registration.  (§ 290.011, subds. (a), (c).)  A "person who has no residence" is defined as a "transient." (§ 290.011, subd. (g).)  "A transient who moves to a residence shall have five working days within which to reregister at that address."  (§ 290.011, subd. (b).)  "Residence" is defined as "one or more addresses at which a person regularly resides, regardless of the number of days or nights spent there, such as a . . . structure that can be located by a street address, including, but not limited to, houses . . . ."  (§ 290.011, subd. (g).)  The purpose of the Sex Offender Registration Act is " 'to promote the " 'state interest in controlling crime and preventing recidivism in sex offenders' " ' " and " 'to notify members of the public of the existence and location of sex offenders so they can take protective measures.' " (*Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 877.)

## A.

### *Prosecution Evidence*

Dodge was required to register as a sex offender pursuant to section 290.  In February 2016, Dodge began dating Dorna K. and staying at her home in Clearlake three nights a week.  Dodge stored his belongings in Dorna's bedroom.  In February, April, and May, Dodge registered as a transient.  He signed the registration forms and initialed the paragraphs advising him that "[u]pon coming into, . . . [a] residence address . . . [he]

2

must register or reregister . . . within five (5) working days, with the law enforcement agency having jurisdiction over [his] residence. . . . 'Residence' means one or more addresses at which a person regularly resides, regardless of the number of days or nights spent there . . . including, but not limited to, houses."

From June through September 2016, Dodge again registered as a transient. On the registration forms, he listed Dorna's address, with "studio in back" or "back studio" under the unit or apartment number, as a "related address." The forms defined "related address" as an "[a]ddress of a relative or other person who is likely to know how to contact me." Dodge signed the registration forms and initialed the paragraphs defining residence and advising him of the obligation to register upon gaining an address. In October, November, and December, Dodge registered as a transient. He did not list an address or a related address. As before, Dodge signed the registration forms and initialed the paragraphs defining residence and related address and notifying Dodge of his obligation to register upon gaining residency.

In December 2016, Clearlake Police Sergeant Elvis Cook and other officers performed a probation search at Dorna's house and found Dodge wearing pajama-like clothes and slippers. Officers also found Dodge's belongings in the house. Dodge told Cook he was "registered as a transient" but "was living [at Dorna's] a few days a week." Dodge also said he had registered Dorna's house as an "alternate residence." Cook was concerned that Dodge was registering as a transient, "saying he had no permanent place to stay," while he was "obviously living at [Dorna's] residence."

Several days later, on December 14, 2016, Cook asked Dodge why "he was registering as a transient even though he had a residence[.]" Dodge

3

explained that he registered as a transient because he did not want Dorna's address to be listed on the " 'Megan's Law' " website[2] and because her family " 'did not like him.' "

### B.

#### *Defense Evidence*

A police department volunteer helped Dodge fill out some of the registration forms. The volunteer's standard practice was to transfer information from the previous registration form to the current form. He instructed registrants, including Dodge, to review the information for completeness and accuracy. Ultimately, it is the registrant's obligation to make sure the form is accurate. Registrants are "familiar with the form."

### C.

#### *New Trial Motion*

A jury convicted Dodge of failing to register as a sex offender within five days of gaining residency (§ 290.011, subd. (b)). Dodge moved for a new trial, arguing trial counsel was ineffective because Cook " 'lied' " about the December 14, 2016 conversation and counsel did not expose the lie. At a hearing on the motion, Dodge denied making the Megan's Law comment to Cook. Dodge testified he "wouldn't make that statement" because he had known for years that his "information is not listed on the Internet." Cook's testimony about the Megan's Law comment surprised Dodge. He asked trial counsel to object but counsel responded that the statement was "on the other CD." Dodge denied telling Cook that he registered as a transient to avoid issues with Dorna's family.

---

[2] Megan's Law requires the California Department of Justice to notify the public about specified registered sex offenders. Megan's Law also authorizes local law enforcement agencies to notify the public about sex offender registrants found to pose a risk to public safety. (§ 290.46.)

In support of the new trial motion, Dodge offered a two-page supplemental police report prepared by Cook. The supplemental report described Cook's two conversations with Dodge. According to the report, Dodge said he registered as a transient to "avoid issues with Dorna's family." Dodge also asked Cook "if he could list [Dorna's] address as a secondary location believing it would keep the address off Megan's law."

Trial counsel testified at the hearing. Counsel discussed the supplemental police report with Dodge before trial. While Cook was testifying, Dodge tried to get counsel's attention; counsel, however, did not understand what Dodge was saying, in part because counsel was focusing on Cook. Counsel did not think Dodge asked him to object to Cook's testimony. He did not recall telling Dodge about a statement being on a CD.

The court denied the new trial motion, concluding trial counsel was not ineffective for failing to challenge Cook's testimony about the December 14, 2016 conversation. Without Dodge's testimony, the court was "not sure what . . . could have been done" to cross-examine Cook. The court noted that "a repetitive and aggressive challenge" to Cook's testimony might have emphasized the testimony "in the minds of the jury." Finally, the court determined substantial evidence supported the jury's conclusion that Dodge willfully failed to register.

## DISCUSSION

### I.

*Substantial Evidence Supports the Conviction*

The elements of failing to register as a sex offender are the defendant: (1) was required to register as a sex offender; (2) the defendant knew he had a duty to register " 'every residence at which he regularly resides, regardless of the number of days or nights spent there' "; and (3) the defendant "willfully

5

failed to register . . . every residence at which he regularly resides.' " (*People v. Gonzales* (2010) 183 Cal.App.4th 24, 32, italics omitted.)  A willful violation occurs when the offender "actually know[s] of the duty to act" and "what act is required to be performed" (*People v. Garcia* (2001) 25 Cal.4th 744, 752) but the willfulness element is not negated by "just forgetting to register." (*People v. Barker* (2004) 34 Cal.4th 345, 350.)

We review the record in the light most favorable to the prosecution to determine whether a rational jury could find the elements of the crime beyond a reasonable doubt.  (*People v. Virgil* (2011) 51 Cal.4th 1210, 1263.) We accept all evidence supporting the judgment, disregard contrary evidence, and draw reasonable inferences in favor of the verdict.  A "verdict will not be set aside unless the record clearly shows that there is not sufficient evidence based upon any hypothesis whatsoever.  [Citation.]  [Dodge] bears an 'enormous burden.' " (*People v. Thomas* (2017) 15 Cal.App.5th 1063, 1071.)

Dodge has not satisfied his " 'enormous burden.' " (*People v. Thomas, supra,* 15 Cal.App.5th at p. 1071.)  The undisputed evidence established Dodge failed to register Dorna's address for six months while he stayed there three nights per week.  Dodge repeatedly acknowledged in writing that he understood the registration requirements, i.e., that he was required to register any address where he regularly resided, regardless of the number of nights he spent there.  The forms defined the term "residence."  Dodge admitted not registering Dorna's address and gave reasons for registering as a transient.

Ample evidence supports the jury's conclusion that Dodge's failure to register was knowing and willful.  (*In re Coley* (2012) 55 Cal.4th 524, 561 [record supported finding that defendant failed to register]; *People v. Gonzales, supra,* 183 Cal.App.4th at p. 33 [sufficient evidence defendant

failed to register the home where he stayed]; *People v. Williams* (2009) 171 Cal.App.4th 1667, 1673 [sufficient circumstantial evidence supported conclusion that defendant resided at a location and failed to timely register]; *People v. McCleod* (1997) 55 Cal.App.4th 1205, 1219 [substantial evidence supported conviction for failing to register; jury could have reasonably inferred defendant was residing with mother or girlfriend and willfully failed to notify the police of their addresses].)

Dodge claims the registration requirements are "confusing" and complains he did not receive "detailed guidance" on the definition of "regular[]" or "related address." He also attempts to cast blame on those who helped him complete the registration forms. These arguments are unavailing. They misapprehend the standard of review, which requires us to view the evidence in the light most favorable to the verdict. In any event, no specialized knowledge or detailed instructions are needed to understand that a sex offender must list every address where he "regularly resides, regardless of the number of days or nights spent there." (§ 290.011, subd. (g).) Dodge was not—as he claims— "random[ly] staying" at Dorna's; he was staying there regularly and storing his belongings there. (*People v. Gonzales, supra,* 183 Cal.App.4th at p. 39 [defendant required to register address where he regularly spent "a significant amount of time"]; *People v. Poslof* (2005) 126 Cal.App.4th 92, 106 [defendant established a "residence" by staying at a home three nights a week and storing personal belongings there].)

Dodge's reliance on *People v. Aragon* (2012) 207 Cal.App.4th 504 is misplaced. The issue in *Aragon* was whether the defendant had notice that a travel trailer parked on the street constituted a "residence" within the meaning of section 290.011, subdivision (g). (*Aragon,* at pp. 508–510.) Here, it is undisputed Dorna's house is a residence; Dodge does not contend he

lacked knowledge of that fact.  And unlike *Aragon*—where the prosecution offered no reason for the defendant's failure to register—Dodge told Cook why he decided not to register Dorna's address.

## II.

### *The Court Did Not Err by Denying the New Trial Motion*

A defendant claiming ineffective assistance of counsel must show "counsel's representation fell below an objective standard of reasonableness" and that the deficient performance prejudiced him.  (*Strickland v. Washington* (1984) 466 U.S. 668, 688, 691–692; *People v. Hoyt* (2020) 8 Cal.5th 892, 958.)  Prejudice means "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  (*Strickland,* at p. 694.)  Where, as here, a defendant moves for a new trial premised on ineffective assistance, we uphold factual findings supported by substantial evidence but independently review the ultimate question of whether the facts demonstrate ineffective assistance.  (*People v. Cervantes* (2017) 9 Cal.App.5th 569, 590–591, disapproved on another ground by *People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 315.)

Dodge argues trial counsel was ineffective for failing to object to Cook's "incorrect" testimony about the December 14, 2016 conversation, and by failing to "adequately cross-examine Cook" on the discrepancy between Cook's testimony and the supplemental police report.  Even if we assume for the sake of argument trial counsel's representation was deficient, Dodge's claim fails because he cannot show prejudice, e.g., a reasonable probability the result would have been different had trial counsel objected.

As recited above, the evidence amply supported the jury's conclusion that Dodge knowingly and willfully failed to register Dorna's address while he regularly stayed at her house and stored his belongings there.  Dodge told

8

Cook he registered as a transient in part because Dorna's family " 'did not like him.' " Even if trial counsel had successfully cross-examined Cook about the Megan's Law comment, there was more than enough evidence supporting the conviction. As a result, there is no reasonable probability trial counsel's assumed ineffectiveness affected the verdict, and the court properly denied Dodge's new trial motion. (*People v. Hoyt, supra,* 8 Cal.5th at p. 960 [new trial motion properly denied where admission of evidence was not likely to have "changed the outcome of the trial"].)

## DISPOSITION

The judgment is affirmed. The trial court is directed to prepare a corrected abstract of judgment with the correct spelling of Dodge's middle name—Dewayne—and to forward the corrected abstract of judgment to the California Department of Corrections and Rehabilitation.

_____

Jones, P. J.

WE CONCUR:


_____

Simons, J.


_____

Burns, J.

A158009