Filed 2/9/24  P. v. Schleuder CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>GEORGE LEROY SCHLEUDER,<br><br>        Defendant and Appellant. | A166768<br><br>(Lake County Sup. Ct.<br> Case No. CR962589) |

George Leroy Schleuder, a registered sex offender, was found guilty of failure to timely report a change of address as required by Penal Code section 290.013.[1]  On appeal, Schleuder raises two claims.  First, he argues there was insufficient evidence that he willfully violated section 290.013.  Second, he argues the trial court abused its discretion by ordering him to pay restitution and various assessments without holding a hearing on his ability to pay.  We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

In 1989, Schleuder was convicted of an offense requiring him to register under section 290.  Over thirty years later, Schleuder was charged with inflicting corporal injury on a cohabitant with a prior conviction (§ 273.5, subd. (f)(1); count 1) and failure to notify of an address change (§ 290.013,

---

[1]      Further statutory references are to the Penal Code.

1

subd. (a); count 2). The information alleged Schleuder had three prior convictions within the meaning of the Three Strikes law. (§ 667, subd. (b)–(j); § 1170.12.)

In August 2022, a jury convicted Schleuder of battery on a cohabitant (§ 243, subd. (e)(1)), a lesser included offense of count 1. The jury deadlocked on failure to notify of an address change (count two) and the trial court declared a mistrial on that count. The prosecution elected to retry count 2.

### *Retrial Evidence*

The parties stipulated that Schleuder had been convicted in 1989 of an offense requiring him to register under section 290.

In August 2021, Schleuder and his former girlfriend, J.F., moved into a mobile home community in the City of Lakeport. Before moving, Schleuder filled out a Sex Offender Registration form to notify the Lakeport Police Department (Department) of his change of address. A records technician instructed Schleuder to read the form and initial the paragraphs explaining the requirements of section 290, indicating he understood the requirements. Schleuder was provided a copy of the completed form.

On the morning of January 5, 2022, Schleuder and J.F. got into an argument. J.F. left the mobile home; when she returned about an hour later, Schleuder was no longer there. Schleuder attempted to return later that night, but he was unable to enter because the door's chain lock was secured. Within a day or two, J.F. changed the locks and Schleuder never returned to live in the mobile home. Schleuder received an eviction notice a few days later.

Sometime in January 2022, Schleuder began staying at his friend's home in in another city, Clearlake Oaks. Schleuder told his friend that his girlfriend had "kicked him out" and he had "no other place to stay." With his

friend's permission, Schleuder parked his truck in the backyard of his friend's home and slept in his truck. Through February 2022, Schleuder spent the night in his friend's backyard approximately three days a week. Schleuder asked if he could use his friend's address to register as a sex offender shortly after he started staying in his backyard and his friend refused.

A former Lakeport police officer, Melissa Bedford, testified for Schleuder. She testified that sometime around the end of January 2022, a man who looked like Schleuder came into the office asking vague questions about registering as a sex offender if he lived in different areas of Lake County. She asked the man whether he lived in the City of Lakeport, but he avoided answering her question. When the individual started asking more detailed questions about the registration process, Bedford directed him to the records supervisor, who answered the rest of his questions. Bedford never asked the man for his name or whether he needed to register. She believed the man might have been Schleuder based on a photograph in the Department's database, but she was unable to identify him at trial. The records supervisor testified that she did not recognize Schleuder and testified that there was no record Schleuder contacted the Department between January 5, 2022, and February 14, 2022.

On February 14, 2022, Schleuder filled out a Sex Offender Registration form to update his address and notify the Department that he had moved out of the jurisdiction. Schleuder was arrested later that same day.

### Verdict and Sentencing

The jury found Schleuder guilty (§ 290.013, subd. (a)) and also found true the special allegations that Schleuder had been convicted of three prior felonies.

3

The trial court sentenced Schleuder to seven years and four months in state prison, comprised of three years on count 1, inflicting corporal injury on a domestic partner with a prior conviction and 8 months on count 2, failure to register as a sex offender, doubled under the Three Strikes law. The court ordered Schleuder to pay a $300 restitution fine (§ 1202.4, subd. (b)), a $40 court operation assessment (§ 1465.8), and a $30 criminal conviction assessment (Gov. Code, § 70373).

DISCUSSION

## I. Failure to Report a Change of Address

Schleuder contends there was insufficient evidence to support his conviction for failure to timely file a change of address as required for a sex offender. Having examined the record to determine whether it discloses substantial evidence in support of the conviction, we disagree. (*People v. Ramirez* (2022) 13 Cal.5th 997, 1118 [" ' "We presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence. . . . . We do not reweigh evidence or reevaluate a witness's credibility." ' "].)

Based on his 1989 conviction, Schleuder was required to register with the chief of police of his city of residence, or the sheriff of the county if his residence was in an unincorporated area or a city without a police department. (§ 290.) "A person who last registered at a residence address pursuant to the Act who changes his . . . residence address . . . shall, in person, within five working days of the move, inform the law enforcement agency . . . with which he . . . last registered *of the move, the new address or transient location, if known.*" (§ 290.013, subd. (a), italics added.)

" 'Residence' means one or more addresses at which a person regularly resides, regardless of the number of days or nights spent there, such as a

shelter or structure that can be located by a street address, including, but not limited to, houses, apartment buildings, motels, hotels, homeless shelters, and recreational and other vehicles." (§ 290.011, subd. (g).) Section 290.013 also applies if the registrant who was previously registered at a residence has now become transient. (*People v. Armas* (2011) 191 Cal.App.4th 1173, 1178.) Thus, the registrant must notify the agency within five days of any change of address or location, regardless of whether they have a new address. (*People v. Villegas* (2012) 205 Cal.App.4th 642, 647.)

"To be convicted of failure to register as a sex offender, a defendant must have actual knowledge of the duty to register as a sex offender. [Citation]. . . . . '[A] sex offender is guilty of a felony only if he "willfully violates" the registration or notification provisions of section 290. [Citation.] The word "willfully" implies a "purpose or willingness" to make the omission. [Citation.] Logically one cannot purposefully fail to perform an act without knowing what act is required to be performed . . . . A jury may infer knowledge from notice' "—and other circumstantial evidence—" 'but notice alone does not necessarily satisfy the willfulness requirement.' " (*People v. Aragon* (2012) 207 Cal.App.4th 504, 509–510, 511.)

There is ample evidence Schleuder knew of his obligation to register under section 290.013. Indeed, he registered for over 30 years without issue and had recently been reminded of the requirements when he registered with the Department in August 2021, at which time he signed a form acknowledging that he understood the requirement to register. While this is sufficient to establish his knowledge of the registration requirements, there was also additional evidence. (See *People v. Wallace* (2009) 176 Cal.App.4th 1088, 1099 [evidence of "repeated notice" regarding legal duty to register upon change of address sufficient to infer actual knowledge]; *People v. Vigil*

5

(2001) 94 Cal.App.4th 485, 502 [notification of change of address established awareness to notify law enforcement of any change in residence address].) For example, his friend testified that Schleuder asked about using his address to register. (*People v. Aragon, supra*, 207 Cal.App.4th 504 at p. 511 ["[a] jury may infer actual knowledge from notice and other circumstantial evidence"].) And Bedford testified that a person resembling Schleuder asked questions about the registration requirements for transients, testimony the jury was free to credit.

Schleuder argues it was reasonable for him to believe that he had a right to remain in the mobile home until February 9, 2022, based on the eviction notice. He further asserts that his registration on February 14 was both timely and evidenced an intent to comply with the law. However, " ' "if the circumstances reasonably justify the jury's findings, the judgment may not be reversed simply because the circumstances might also reasonably be reconciled with a contrary finding." ' " (*People v. Ramirez, supra*, 13 Cal.5th at p. 1118.) While Schleuder's act of registering could show an intent to comply with the law, it also shows his awareness of the requirement to register upon changing his address. Therefore, we find that there was substantial evidence to support the jury's finding that Schleuder failed to register within the required timeframe and will not upset that finding where there might also be a reasonable contrary finding.

## II. Restitution Fines and Court Assessments

Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157, 1168 (*Dueñas*), Schleuder contends the trial court violated his constitutional rights

6

without first determining whether he had the ability to pay the fines and assessments the court imposed on him.[2]  This claim is forfeited.

It is the defendant's burden to raise the issue of inability to pay fines, fees, and assessments and to present evidence of inability to pay. (*People v. Castellano* (2019) 33 Cal.App.5th 485, 490.)  Here, defense counsel did not object to imposition of the fines at the sentencing hearing, which was held more than three years after *Dueñas* was decided.  (See *People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1153; *People v. Greeley* (2021) 70 Cal.App.5th 609, 624.)  Although a party may be excused for failing to raise an issue in the trial court when an objection would have been futile or wholly unsupported by the substantive law then in existence (*People v. Welch* (1993) 5 Cal.4th 228, 237), Schleuder fails to establish that such is the situation here.  We join the numerous opinions finding the *Dueñas* claim forfeited in similar circumstances.  (See, e.g., *People v. Ramirez* (2023) 98 Cal.App.5th 175, 563–564; *People v. Greeley*, *supra*, 70 Cal.App.5th at p. 624; *People v. Frandsen*, *supra*, 33 Cal.App.5th at p. 1153.)

## DISPOSITION

The judgment is affirmed.

---

[2]    The question of whether a trial court must consider a defendant's ability to pay before imposing fines, fees, and assessments is currently before the California Supreme Court in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844.

7

_____
Petrou, J.

WE CONCUR:


_____
Fujisaki, Acting P.J.


_____
Rodríguez, J.


A166768/*People v. Schleuder*